## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK
_____

QIAN LI

                        Plaintiff,

v.

MERRICK B. GARLAND, Attorney General of
the United States of America,

ALEJANDRO MAYORKAS, Secretary of the
Department of Homeland Security,

TIMOTHY HOUGHTON, New York District Director,
US Dept of Homeland Security ("DHS");
United States Citizenship and Immigration Services
("USCIS").

                        Defendants.

_____

**Case Number:   22-CV-1419**

**PLAINTIFFS' ORIGINAL
COMPLAINT FOR A
DECLARATORY JUDGMENT
AND PETITION FOR A
WRIT OF MANDAMUS**

Plaintiff, Qian Li, through the undersigned counsel, alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff is not a citizen or national of the United States. Plaintiff is a citizen of The People's Republic of China.

2. Plaintiff came to United States in 2014 and applied for Asylum with the USCIS around February of 2015.  Her asylum application was granted by Immigration Court on April 30, 2018 (Exhibit A)

3. On May 1, 2019 she filed for I-485 Application to Register Permanent Residence or Adjust Status with the USCIS. (Exhibit B)

4. As of today, almost 3 years since its initial submission, the I-485 Application is still pending before USCIS for adjudication.

5. The Plaintiff called the 1-800 helpline for USCIS Inquiry on numerous occasions from 2019 to 2022, without any help.

6. The USCIS has yet to provide a decision on her application and gave no explanation as to why such delays are taking place.

7. Defendants, by abandoning and/or refusing to adjudicate Plaintiff's Applications to Adjust Status which are almost 3 years outside of published normal processing times, have violated the standards set forth in the Administrative Procedures Act, 5 U.S.C. § 701 et seq. ("APA").

8. Plaintiff respectfully requests that this Honorable Court issue a writ of mandamus ordering Defendants to process Plaintiff's Applications to Adjust Status within 60 days and to order them to pay Plaintiff's attorney's fees and costs.

## II. JURISDICTION

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. §701 et seq., and 28 U.S.C. § 1631 et seq., because Plaintiff's claim arises under the federal laws of the United States, specifically under Section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a). This Court has mandamus jurisdiction pursuant to 28 U.S.C. § 1361. This Court may grant relief in this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the Mandamus Act, 28 U.S.C. § 1361, and All Writs Act, 28 U.S.C. § 1651. This Court is not precluded from exercising judicial review under 8 U.S.C. § 1252(a)(2)(B)(ii), because the questions presented do not implicate agency discretion, as USCIS's failure to adjudicate the

adjustment of status application which has now lagged to almost 3 years beyond published normal processing times has amounted to an abandonment or a refusal to adjudicate the application and it is not within the Agency's discretion to choose to flat-out abandon or refuse to adjudicate an adjustment of status application that has been properly filed and all demands complied to.

10. While it is within the Attorney General's discretion to grant or deny an application for adjustment of status, it is not within his discretion to not adjudicate at all. *See Kim v. Ashcroft*, 340 F. Supp. 2d 384 (S.D.N.Y. 2004), *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008). *See also Ruiz v. Mukasey*, 552 F.3d 269, 273 (2d Cir. 2009) (stating that judicial review under the APA exists "unless review is precluded by statute or the complained-of decision was committed to agency discretion"). Under Section 6 of the APA, USCIS is required to act "within a reasonable time." 5 U.S.C. § 555(b); *Kim*, 340 F. Supp. 2d at 389. As stated in *Kim*, if this were otherwise: "the C.I.S. could hold adjustment applications in abeyance for decades without providing any reasoned basis for doing so. Such an outcome defies logic — the C.I.S. simply does not possess unfettered discretion to relegate aliens to a state of "limbo," leaving them to languish there indefinitely. This result is explicitly foreclosed by the APA." *Kim*, 340 F. Supp. 2d at 393. Additionally, the 'duty to decide' becomes no duty at all if it is accompanied by unchecked power to decide when to decide." *Razaq v. Poulos*, No. C 06-2461 WDB, 2007 U.S. Dist. LEXIS 770, at *10-11 (N.D. Cal. Jan. 8, 2007). Therefore, this Court has subject matter jurisdiction.

## III. VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) (action against officers of
the United States may be brought in any district where "plaintiff resides") because the
Plaintiff reside in the Eastern District of New York.

## IV. STANDARD OF REVIEW

12. The Administrative Procedures Act empowers this Court to "hold unlawful and set aside"
not only agency actions and conclusions that are arbitrary or capricious," but also agency
actions that are "otherwise not in accordance with law" or are "in excess of statutory
jurisdiction, authority, limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C).

13. Here, USCIS has outright refused to comply with its duties set forth in Section 245(a) of
the Immigration and Nationality Act because it has either abandoned or refused to
adjudicate Plaintiff's Applications to Adjust Status.

## V. PARTIES

14. Plaintiff, Qian Li, is a native and citizen of the People's Republic of China who seeks to
have her applications to Adjust Status adjudicated by USCIS.

15. Defendant, Merrick B. Garland, is sued in his official capacity as the Attorney General of
the United States. Mr. Garland is charged with the duty to oversee administration and

enforcement of the immigration laws and regulations of the U.S., including the laws governing adjustment of status.

16. Defendant, Alejandro Mayorkas, is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security. Mr. Mayorkas is the official in charge with the responsibility for administration and enforcement of the immigration laws and regulations of the United States.

17. Defendant, Timothy Houghton, is sued in his official capacity as the District Director for the New York District of the CIS, and its Chief Administrative Officer. The New York District is responsible for conducting interviews of immigration petition applicants and making the determination to grant or deny the applications for persons residing in the New York District under the Immigration and Nationality Act ("INA") and implementing regulations. See, e.g., 8 USC§ 1421, 8 CFR § 310, and 8 CFR § 316.3.

## VI. FACTS

18. Plaintiff is not a citizen or national of the United States. Plaintiff is a citizen of The People's Republic of China.

19. Plaintiff came to United States in 2014 and applied for Asylum with the USCIS around February of 2015.  Her asylum application was granted by Immigration Court on April 30, 2018 (Exhibit A)

20. On May 1, 2019 she filed for I-485 Application to Register Permanent Residence or Adjust Status with the USCIS. (Exhibit B)

21. As of today, almost 3 years since its initial submission, the I-485 Application is still pending before USCIS for adjudication.

22. The Plaintiff called the 1-800 helpline for USCIS Inquiry on numerous occasions from 2019 to 2022, without any help.

23. The USCIS has yet to provide a decision on her application and gave no explanation as to why such delays are taking place.

24. Defendants, by abandoning and/or refusing to adjudicate Plaintiff's Applications to Adjust Status which are almost 3 years outside of published normal processing times, have violated the standards set forth in the Administrative Procedures Act, 5 U.S.C. § 701 et seq. ("APA").

25. Plaintiff respectfully requests that this Honorable Court issue a writ of mandamus ordering Defendants to process Plaintiff's Applications to Adjust Status within 60 days and to order them to pay Plaintiff's attorney's fees and costs.

## VII. CAUSE OF ACTION

**USCIS VIOLATED THE APA IN ABANDONING AND/OR REFUSING TO ADJUDICATE PLAINTIFF'S APPLICATIONS TO ADJUST STATUS SUCH THAT THE ADJUDICATION HAS FALLEN ALMOST THREE (3) YEARS OUTSIDE OF PUBLISHED NORMAL PROCESSING TIMES.**

26. 8 C.F.R. §1209.2(a)(1) Adjustment of Status of Alien Granted Asylum declares that the status of any alien who has been granted asylum in the United States may be adjusted by

the USCIS to that of an alien lawfully admitted for permanent residence provided the alien:

(i) Applies for such adjustment;

(ii) Has been physically present in the United States for at least one year after having been granted asylum;

(iii) Continues to be a refugee within the meaning of section 101(a)(42) of the Act, or is the spouse or child of a refugee;

(iv) Has not been firmly resettled in any foreign country; and

(v) Is admissible to the United States as an immigrant under the Act at the time of examination for adjustment without regard to paragraphs (4), (5)(A), (5)(B), and (7)(A)(i) of section 212(a) of the Act, and

(vi) has a refugee number available under section 207(a) of the Act.

27. Plaintiff was granted asylum on April 30, 2018 at New York Immigration Court.

28. Plaintiff filed for her I-485 Applications to Adjust Status on May 1, 2019.

29. No decision of any sort has been received by the Plaintiff from USCIS regarding her application since the May 06, 2019 receipt.  The I-485 application is still currently pending with the USCIS.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff  Qian Li prays for judgment against Defendants and prays that the Honorable Court shall

(1) Assume jurisdiction over this matter;

(2) Grant judgment in favor of Qian Li and against Defendants;

(3) Issue a Writ of Mandamus ordering Defendants to adjudicate Plaintiff's Applications to

Adjust Status within 60 days;

(4) Award attorney's fees pursuant to the Equal Access to Justice Act; and

(5) Grant any and all further relief this Honorable Court deems just and proper.


Dated: March 15, 2022                      Respectfully Submitted,

                                               _/s/ Wei Gu_____
                                               Wei Gu, Esq.
                                               Attorney for Plaintiff
                                               55 Amherst Road
                                                 Albertson, NY 11507
                                               Tel. (718) 600-6886
                                               weigulaw@gmail.com

## EXHIBIT LIST

**EXHIBIT A**                    Immigration Judge Order Granting Asylum
**EXHIBIT B**                    I-485 Filing Receipt